UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:14-cr-00051-DLJ (PSG) |
| Prosecution, | **ORDER GRANTING-IN-PART GOVERNMENT'S EX PARTE MOTION TO STAY COMPLIANCE DATE AND DISCLOSE TO U.S. DEFENDANT'S RULE 17(C) SUBPOENAS TO UNKNOWN THIRD PARTIES** |
| v. | |
| JUSTIN EVERETT CRUTCHFIELD, | |
| Defendant. | |
| | **(Re: Docket No. 37)** |

The court has before it a motion by the government requesting three forms of relief: (1) disclosure of copies of a group of subpoenas issued pursuant to an ex parte application by Defendant Justin Crutchfield; (2) a temporary stay of the date of compliance of those subpoenas and (3) a reasonable time in which to file a motion to quash the subpoenas on behalf of the victims.[1] Crutchfield opposes each of these requests, arguing that the subpoenas were properly

---
[1] *See* Docket No. 37.

1
Case No. 5:14-cr-00051-DLJ (PSG)
ORDER GRANTING-IN-PART GOVERNMENT'S EX PARTE MOTION TO STAY COMPLIANCE DATE AND DISCLOSE TO U.S. DEFENDANT'S RULE 17(C) SUBPOENAS TO UNKNOWN THIRD PARTIES

issued and the government is not entitled to review them.[2] Crutchfield further argues that the government does not have standing to object to or quash the subpoenas at issue.[3] Based on the text and advisory notes of the Rule in question, government's motion is GRANTED, but only IN-PART.

Federal Rule of Criminal Procedure 17 provides a mechanism for the court to issue subpoenas compelling the production of documents, witnesses or objects for use in a federal criminal proceeding.[4] This district's Criminal Local Rule 17-2(a)(1) clarifies that, with good cause, a party may request a Rule 17 subpoena by an "ex parte motion without advance notice to the opposing party."[5] Subsection (c)(3) of Rule 17 puts additional protections in place for the personal or confidential information of victims:

> After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.[6]

The government argues that because notice was not provided to the victims before the issuance of the subpoenas before the court, these protections were violated.[7]

As a preliminary matter, the court notes that the Federal Crime Victims' Rights Act, which prompted the adoption of Rule 17(c)(3),[8] specifically allows the attorney for the government to

---

[2] *See* Docket No. 38.

[3] *See* Docket No. 38 at 5.

[4] *See* Fed. R. Crim. P. 17.

[5] Crim. L.R. 17-2(a)(1).

[6] *See* Fed. R. Crim. P. 17.

[7] *See* Docket No. 37 at 5-6.

2
Case No. 5:14-cr-00051-DLJ (PSG)
ORDER GRANTING-IN-PART GOVERNMENT'S EX PARTE MOTION TO STAY
COMPLIANCE DATE AND DISCLOSE TO U.S. DEFENDANT'S RULE 17(C) SUBPOENAS
TO UNKNOWN THIRD PARTIES

assert the rights it created.[9]  It even goes so far as to impose an affirmative obligation on the prosecutor to make their best efforts to ensure that victims' rights are protected.[10]  In light of this history, although the protections afforded by Rule 17(c)(3) are not specifically bestowed by the Crime Victims' Rights Act,  the court finds that the standing bestowed by the statute extends to derivative rules created to ensure its application.  The government has sufficient standing to challenge the subpoenas.

However, the government is mistaken about Rule 17(c)(3)'s notice requirements.  The rule does not require notice to the victim in cases of "exceptional circumstances."  The advisory committee notes to Rule 17(c)(3) make clear that "exceptional circumstances" include instances in which "the defense would be unfairly prejudiced by premature disclosure of a sensitive defense strategy."  At the hearing on this motion, defense counsel indicated that disclosure of the information would result in such unfair prejudice here.  Indeed, in the application for the subpoenas, counsel specifically requested that the applications be sealed in order to "prevent the defense from being forced to reveal its trial strategy to the prosecution," and offered to provide additional information on that matter if the court required it.  The court made no such request, as its attention had not yet been directed to Rule 17(c)(3).

In light of the motion before the court, and the "exceptional circumstances" standard, more information is required.  The government's request to participate in the

---

[8] *See* Advisory Committee Notes to Fed. R. Crim. P. 17 ("This amendment implements the Crime Victims' Rights Act, codified at 18 U.S.C. § 3771(a)(8)"); *see also United States v. McClure*, Case No. 08-cr-100-WBS, 2009 WL 937502 at n.2 (E.D. Cal. Apr. 7, 2009).

[9] *See* 18 U.S.C. § 3771(d)(1) ("The crime victim or the crime victim's lawful representative, and the attorney for the Government may assert the rights described in subsection (a)").

[10] *See* 18 U.S.C. § 3771(a).

3
Case No. 5:14-cr-00051-DLJ (PSG)
ORDER GRANTING-IN-PART GOVERNMENT'S EX PARTE MOTION TO STAY COMPLIANCE DATE AND DISCLOSE TO U.S. DEFENDANT'S RULE 17(C) SUBPOENAS TO UNKNOWN THIRD PARTIES

process of determining whether exceptional circumstances are present is denied. The advisory committee notes to Rule 17 specifically "leave[] to the judgment of the court a determination as to whether the judge will permit the question whether such exceptional circumstances exist to be decided ex parte and authorize service of a third-party subpoena without notice to anyone."[11] The Northern District of California's local rules provide yet more guidance, allowing a party with good cause to request a Rule 17 subpoena by an "ex parte motion without advance notice to the opposing party."[12] This district has held that good cause exists where a party would be forced to reveal trial strategy to meet the required standard.[13] That is precisely the situation here. Rule 17(c)(3)'s "exceptional circumstances" standard, which must be met for Crutchfield to forego notifying the victims about the subpoenas, can be met by showing that providing such notice would reveal the defense's trial strategy. Presumably, the proffers in support of such a showing will tell the court about that trial strategy, such that if the government were permitted to participate, it too would become privy to the defense's game plan. Good cause therefore exists to exclude the government from this determination.

Finally, as a matter of pure common sense, the entire purpose of the "exceptional circumstances" examination/consideration/determination/showing is to avoid the notice requirements otherwise imposed by Rule 17(c)(3). It could have and perhaps should properly have taken place before these subpoenas ever issued. In any event, to allow the

---

[11] *See* Advisory Committee Notes to Fed. R. Crim. P. 17.

[12] Crim. L.R. 17-2(a)(1).

[13] *See United States v. Johnson*, Case No. 3:94-cr-0048 SBA, 2008 WL 62281, at *2 (N.D. Cal. Jan. 4, 2008) ("A defendant may apply ex parte for a subpoena duces tecum for the pre-trial production of documents by a third party where he is unable to make the showing required for such a subpoena without revealing trial strategy.").

4
Case No. 5:14-cr-00051-DLJ (PSG)
ORDER GRANTING-IN-PART GOVERNMENT'S EX PARTE MOTION TO STAY COMPLIANCE DATE AND DISCLOSE TO U.S. DEFENDANT'S RULE 17(C) SUBPOENAS TO UNKNOWN THIRD PARTIES

government and victims to participate now in an analysis designed to keep them from finding out about the subpoenas in the first place would defeat the very purpose of the evaluation.

In sum, the court rules on the government's requests as follows. The government's request for disclosure of the subpoenas is denied without prejudice to renewal after the court has resolved the "exceptional circumstances" issue. The request for a temporary stay of the date of compliance is granted. Finally, the request for a reasonable time in which to bring a motion to quash is denied without prejudice to renewal also pending resolution of the "exceptional circumstances" question. Defense counsel shall submit an ex parte brief to the court by Tuesday, June 17, outlining the exceptional circumstances that justify foregoing Rule 17(c)(3)'s notice requirements. Upon reviewing the evidence presented in camera, the court will make a final determination.[14]

The government has informed the court that it intends to seek an appeal of the court's decision to conduct the exceptional circumstances analysis ex parte. So far as this court is aware, that is the only issue to be submitted for appeal at this time. Pursuant to Fed. R. Crim. P. 59(a), the government shall have fourteen days to file that appeal.

---

[14] The government argues that even if Rule 17(c)(3) were satisfied, Cal. Welf. & Inst. Code § 827 would preclude the defense from obtaining the information sought. However, that section specifically provides that a minor's personal information may be disclosed to "the attorneys for the parties . . . who are actively participating in criminal or juvenile proceedings involving the minor." Cal. Welf. & Inst. Code § 827. Section 827.9 further provides that Section 827 "does not govern the release of police records involving a minor who is the witness to or victim of a crime who is protected by other laws including, but not limited to," various state laws. Of the non-exclusive list of statutes provided, only one speaks to the issue of crime victims' confidentiality, and that statute also contains an exception for defense counsel in a criminal matter to obtain the records necessary to prepare its case. *See* Cal. Penal Code § 841.5 ("Nothing in this section shall impair or interfere with the right of a defendant to obtain information necessary for the preparation of his or her defense through the discovery process."). Section 827 therefore does not preclude a defendant in a criminal case from obtaining information about the chief witnesses against him, even if they are minors.

Case No. 5:14-cr-00051-DLJ (PSG)
ORDER GRANTING-IN-PART GOVERNMENT'S EX PARTE MOTION TO STAY COMPLIANCE DATE AND DISCLOSE TO U.S. DEFENDANT'S RULE 17(C) SUBPOENAS TO UNKNOWN THIRD PARTIES

**IT IS SO ORDERED.**

Dated: June 6, 2014

                                                   _____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:14-cr-00051-DLJ (PSG)
ORDER GRANTING-IN-PART GOVERNMENT'S EX PARTE MOTION TO STAY COMPLIANCE DATE AND DISCLOSE TO U.S. DEFENDANT'S RULE 17(C) SUBPOENAS TO UNKNOWN THIRD PARTIES