**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                        )<br>         Prosecution,                        )<br>                                                        )<br>v.                                                     )<br>                                                        )<br>JUSTIN EVERETT CRUTCHFIELD,  )<br>                                                        )<br>         Defendant.                          )<br>_____) | Case No. 5:14-cr-00051-DLJ (PSG)<br><br>**ORDER DENYING MOTION TO INSPECT SUBPOENAS**<br><br>**(Re: Docket No. 37)** |

Between May 15-29, 2014, Defendant Justin Crutchfield filed ex parte applications with the court for pretrial subpoenas duces tecum paid for by the court.[1] He also requested that pursuant to Fed. R. Crim. P. 17(c)(3), the subpoenas go out without notice to the government or the victims.[2] The court granted both requests, and the subpoenas were served on the entities in custody of the relevant documents. The subpoenas were clearly marked "SEALED BY ORDER OF THE COURT," pursuant to the "ex parte" application of the defense. For some reason, the City of Los

---

[1] *See* Docket Nos. 19-36.

[2] *See id.*

1
Case No. 5:14-cr-00051-DLJ (PSG)
ORDER DENYING MOTION TO INSPECT SUBPOENAS

Gatos nonetheless contacted the U.S. Attorney's office to let them know that it was going to be producing documents pursuant to a subpoena in this case, and to find out whether the U.S. Attorney's office would like a copy of the documents as well.  The government was distressed that neither the government nor the victims had received notice of the subpoenas before they were served and filed a motion to stay the subpoenas's compliance date and inspect the subpoenas.[3]

The parties appeared for two hearings in early June, during which the undersigned determined that the Crime Victims' Rights Act gave the government standing to challenge the subpoenas on behalf of the victims but that Crutchfield was entitled to submit an ex parte brief detailing the exceptional circumstances that should relieve him of Rule 17(c)(3)'s notice requirements.[4]  That brief is the one presently before the court.

Under Rule 17(c)(3), a court must engage in a two-step analysis to determine whether a victim is entitled to notice of a subpoena issued by the court.[5]  First, is the information sought by the subpoenas personal or confidential?  If it is not, then the victims are not entitled to notice under Rule 17(c)(3); if it is, then the court moves on to step two.  Second, the court must determine whether exceptional circumstances exist, which would justify foregoing notice to the victims.  The advisory notes to Rule 17 indicate that such "exceptional circumstances" might exist where "evidence that might be lost or destroyed if the subpoena were delayed or a situation where the defense would be unfairly prejudiced by premature disclosure of a sensitive defense strategy."[6]

---

[3] *See* Docket No. 73.

[4] *See* Docket No. 42.  This ruling was then appealed to District Judge D. Lowell Jensen, who affirmed.  *See* Docket No. 49.

[5] *See* Fed. R. Crim. P. 17(c)(3) ("After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order.  Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object").

[6] *Id.*

In his ex parte brief, Crutchfield argues that "law enforcement records are not personal and confidential," such that the victims would not be entitled to notice under Rule 17's protections at all.[7] This argument, however, runs directly afoul of the Supreme Court's holding in *U.S. Dept. of Justice v. Reporters Committee For Freedom of Press*.[8] In that case, the Court found that "although much rap-sheet information is a matter of public record, the availability and dissemination of the actual rap sheet to the public is limited," such that disclosure of a complied criminal history would be highly invasive.[9] In light of this clear precedent from the highest court in the land, the court finds that the information subpoenaed is of a personal and confidential nature, such that the victims would ordinarily be entitled to notice under Rule 17(c)(3).

Moving on to step two, the question becomes whether there are exceptional circumstances that justify foregoing that notice. Crutchfield argues that there are many circumstances here that would suffice. The most persuasive is the significant potential that the demands for evidence in the subpoenas will tip off the victims to destroy other evidence in their possession, custody or control.[10] In light of the sealed nature of the applications and the subpoenas, the court is not at liberty to provide a terribly detailed analysis, lest the order itself cause the very harm Crutchfield seeks to avoid. However, the court is persuaded that revealing the contents of the subpoenas to the victims would create a substantial risk that evidence or witnesses would be destroyed or tainted. This case is distinct from the situations presented in *United States v. Johnson*,[11]

---

[7] Ex Parte Brief at 8.

[8] 489 U.S. 749, 764 (1989).

[9] *Id.* at 753; *see also Rosenfeld v. U.S. Dep't of Justice*, Case No. 3:07-cv-03240-EMC, 2012 WL 710186, at *5 (N.D. Cal. Mar. 5, 2012).

[10] The court accepts, for purposes of this order, that providing notice to the victim is functionally equivalent to providing notice to the government.

[11] Case No. 4:94-cr-0048-SBA, 2008 WL 62281 (N.D. Cal. Jan. 4, 2008). *Johnson* also was distinct in that the records sought in that case were independently barred by Rule 17(e).

*United States v. Bradley*[12] and *United States v. Al-Amin*[13] in that here, Crutchfield has cleared the hurdles set by *United States v. Nixon*.[14] The court has engaged in the case-by-case analysis called for by *United States v. McClure*,[15] and is satisfied that the defense is engaging in more than a mere fishing expedition. Finally, the case is currently in a different posture than the one presented by *United States v. Collins*.[16] In that case, the court was presented with a motion to quash by the party subpoenaed, rather than a preliminary motion to allow inspection by someone other than the party in receipt of the subpoenas. Furthermore, not a single one of those cases – which together make up the full published jurisprudence on victim notice pursuant to Rule 17(c)(3) – actually conduct an "exceptional circumstances" analysis, much less confront the potential for destruction of evidence.

If the City of Los Gatos or any other entity subpoenaed wishes to bring a motion to quash the subpoena, the court will entertain that motion. As of this moment, however, the matter has not yet reached that stage.

The government's motion to inspect the subpoenas is DENIED, and the date of compliance stay is lifted. All subpoenas that have not already been complied with shall be no later than August 22, 2014.

**IT IS SO ORDERED.**

Dated: August 4, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[12] Case No. 09-cr-20068-GPM, 2011 WL 1102837 (S.D. Ill. Mar. 23, 2011).

[13] Case No. 1:12-cr-0050, 2013 WL 3865079 (E.D.T.N. Jul. 25, 2014).

[14] 418 U.S. 683 (1974).

[15] Case No. 08-cr-0270-WBS, 2009 WL 937502 (E.D. Cal. Apr. 7, 2009).

[16] Case No. 5:11-cr-00471-DLJ (PSG), 2013 WL 1089908 (N.D. Cal. Mar. 15, 2013).

4
Case No. 5:14-cr-00051-DLJ (PSG)
ORDER DENYING MOTION TO INSPECT SUBPOENAS