BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

AMIE D. ROONEY (CABN 215324)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    Amie.Rooney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR14-00051-RMW |
| Plaintiff, | |
| v. | UNITED STATES' SENTENCING MEMORANDUM |
| JUSTIN EVERETT CRUTCHFIELD, | Date: January 19, 2016<br>Time: 9:00 a.m.<br>Courtroom 6 |
| Defendant. | |

    Plaintiff United States of America, by and through its undersigned counsel, the United States Attorney's Office for the Northern District, hereby submits its position regarding sentencing of defendant JUSTIN EVERETT CRUTCHFIELD ("Defendant") pursuant to Rule 32(b)(6)(B) of the Federal Rules of Criminal Procedure. This position is based on the attached Memorandum, the Pre-Sentence Report ("PSR"), the files and records of this case, and any argument to be presented at the sentencing hearing.

UNITED STATES' SENTENCING MEMORANDUM
CR14-00051- RMW                                 1

## BACKGROUND FACTS AND PROCEDURE

On January 29, 2014, a two-count Indictment was filed in the Northern District of California charging Defendant (and his co-defendant, Demontae Toliver) with two violations of 18 U.S.C. §§ 1591(a)(1) and (2) and 1594(a), Sex Trafficking of Children (Counts 1 and 2), two violations of 18 U.S.C. § 2251(a) and (e), Production of Child Pornography (Counts 3 and 4).  Defendant had been arrested previously on June 24, 2013, and was in the custody of local officials pursuant to state charges. The state charges were dropped in lieu of the federal indictment, Defendant was transferred into federal custody on February 11, 2014 and was arraigned before the magistrate judge that same day and ordered detained.  On December 10, 2014, a five count Superseding Indictment was filed charging both men with one count of conspiracy to commit sex trafficking of minors, in violation of 18 U.S.C. § 1594(c) (Count 1), to counts of sex trafficking of children and aiding and abetting, in violation of 18 U.S.C. §§ 1591(a)(1) and (2) and 1594(a) (Counts 2 and 3), and two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Counts 4 and 5).  On March 5, 2015, conditions of release for Defendant were set by the magistrate judge, and Defendant was subsequently released.

On July 15, 2015, a superseding information was filed, charging both defendants with a violation of 18 U.S.C. § 2425 – Use of Interstate Facilities to Transmit Information about a Minor, and Defendant pled guilty to the superseding information pursuant to a plea agreement with the government under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.  In connection with this guilty plea, defendant agreed to a guideline calculation and to pay restitution to the victims as ordered by the Court at sentencing in an amount no less than $1000.00 per victim, but did not agree to a specific sentence of imprisonment.  For its part, the government agreed that it would dismiss all the counts of the indictments, all of which carry mandatory minimum terms of imprisonment of either 10 years (Counts 1-3) or 15 years (Counts 4-5), at the time of sentencing.

## GUIDELINES CALCULATION

While the guidelines are only advisory, the Court is still required to determine the accurate sentencing guidelines calculation and consider them as part of the 3553(a) factors.  The Probation Office

UNITED STATES' SENTENCING MEMORANDUM
CR14-00051- RMW                                            2

has determined that defendant's adjusted offense level is 25. This calculation is arrived at in the following manner:

| | | | |
|---|---|---|---|
| Base Offense Level : | | 24 | [U.S.S.G. § 2G1.3(a)(4)] |
| Specific Offense Characteristics | | | |
| Use of a computer : | | +2 | [U.S.S.G. § 2G1.3(b)(3)(A)] |
| Commercial Sex Act : | | +2 | [U.S.S.G. § 2G1.3(b)(4)(B)] |
| Acceptance of Responsibility : | | -3 | [U.S.S.G. § 3E1.1(a) and (b)] |
| Adjusted Offense Level : | | 25 | |

(PSR ¶¶ 20-30). Defendant's criminal history score is zero, and his criminal history category is I. (PSR ¶¶ 32-35). Thus, the advisory guidelines range for a recommended sentence is 57-71 months. (PSR Guideline Summary). The government agrees with the PSR's findings and calculations. The government, however, does not agree with the probation officer's sentencing recommendation of 48 months. The government recommends a guideline sentence of 57 months' imprisonment.

### **GOVERNMENT'S POSITION REGARDING DEFENDANT'S OBJECTION**

Defendant has objected to the inclusion of certain facts in the presentence report, contending that any factual allegations from the government which served as the basis for the original indictment is not properly included since it does not serve as the basis for the count to which defendant has pled guilty. The government concurs with the Probation Officer's response that no such limitation is required or, indeed, permitted. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court may receive and consider for the purpose of imposing an appropriate sentence.").

Under 18 U.S.C. § 3661, the Court may appropriately consider allegations in pending untried indictment, information concerning crimes for which defendant had been indicted, but was neither tried nor convicted, and, in some cases, evidence with respect to crimes of which defendant had been acquitted. *See United States v Young Ji Chung,* 71 F. Supp. 2d. 66, 69 (N.D.N.Y. 1999) ("[E]videntiary standards at sentencing hearings are less restricted than those applicable during trial, and as long as information that sentencing judge considers has sufficient indicia of reliability to support its probable

accuracy, court may properly consider hearsay statements, evidence of uncharged crimes, dropped counts of indictment, and even alleged criminal activity resulting in acquittal when determining sentencing."), *citing United States v. Watts*, 519 U.S. 148 (1997); *see also United States v. Lindsey*, 482 F.3d 1285, 1294 (11th Cir. 2007) (noting that "*Booker* does not forbid a district court from considering criminal acts for which a defendant has not been charged or has been acquitted as long as those acts are proved by a preponderance of the evidence"); *United States v. Quincoces*, 503 Fed. Appx. 800, 804, 2013 U.S. App. LEXIS 651, *9-10, 2013 WL 129570 (11th Cir. Fla. 2013); *United States v. Vanderwerfhorst*, 576 F.3d 929, 935, (9th Cir. 2009) ("[A] sentencing judge 'may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information he may consider, or the source from which it may come.'") (internal citations omitted); *accord United States v. Showalter*, 569 F.3d 1150, 1159 (9th Cir. 2009). "[H]earsay evidence of unproved criminal activity not passed on by a court," for example, "may be considered in sentencing." *Farrow v. United States*, 580 F.2d 1339, 1360 (9th Cir. 1978); *see also United States v. Romero-Rendon*, 220 F.3d 1159, 1163 (9th Cir. 2000) (holding that the district court may rely on an uncontroverted PSR to establish the factual basis for a sentencing enhancement).

Furthermore, under the advisory Sentencing Guidelines: "in resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indices of reliability to support its probable accuracy." U.S.S.G. § 6A1.3.  Following a letter request from the probation office, the government provided the probation officer with the discovery materials previously provided to the defendants, including but not limited to, hundreds of pages of agent and officer reports, sworn affidavits, and recorded interviews of witnesses including the victims. The information contained in paragraphs 8-14 of the PSR is a reasonable and truncated summary of the government's evidence. Other than his statement that the facts in these paragraphs are "misleading" (Objections, ¶3), Defendant has offered no contravening statement. [PSR, ¶ 18.]  Bare assertions are an insufficient basis for the Court to find that the government's evidence is unreliable. *See United States v. Kimball*, 975 F.2d 563, 567 (9th Cir. 1992) ("One cannot allege that 'there are

mistakes and then stand mute without showing why they are mistakes.'") (*quoting United States v. Roberson*, 896 F.2d 388, 391 (1990)); *see also Vanderwerfhorst*, 576 F.3d at 936.

As of this filing, Defendant has not filed his own sentencing memorandum or informed the government, despite a request to do so, of what his position will be with regard to sentencing. Thus, the government can only provide its response to the objections Defendant made to the PSR. In his objections, Defendant contends that *all* of the information contained in the PSR at paragraphs 9-12 about the underlying offense conduct should be struck because it has "no relevance" to the offense of conviction and is "misleading" for a variety of reasons, but focusing primarily on the admittedly troubled history of the minor victims. While it is true that in the plea agreement signed by the parties, the government has agreed, *once defendant is sentenced*, to dismiss the outstanding charges in the Indictment and Superseding Indictment, it is entirely disingenuous for defendant to claim, that those charges and the government's investigation of the case have no relevance to the Court in determining whether to accept the parties' proposed resolution and sentence Defendant accordingly.

It bears noting that Paragraph 9 of Defendant's plea agreement contains his express understanding that both the government and the probation office will provide the Court with "all information relevant to the charged offense *and* the sentencing decision" without qualification. For example, Paragraph 9 of the PSR, to which Defendant has objected describes how victim the minors met and interacted with the co-defendant and a third man identified only as "Cash" at a San Jose 7-11 store after running away from a group home, including how they told the co-defendant that they were both 17-years old and that they had used marijuana and engaged in sexual activity at the co-defendant's residence after willingly going there with the two strange men they had just met. This Defendant is not referenced at all in Paragraph 9, but it describes for the Court the circumstances of the meeting which brought the Defendant into contact with these minors, which is then described in particular in Paragraph 10, along with the facts of the prostitution activities engaged along with the facts of the prostitution activities engaged in that same day and the days immediately after, leading up to the posting of the picture of L.G. in a prostitution ad on the internet. These facts are *directly* relevant to the sentencing decision as they are included in the agreed-upon sentencing characteristics in the guideline calculation (*i.e.,* use of a computer, commission of a sex act). Similarly, the information contained in Paragraph 11

informs the court about the prostitution that the minors engaged in at the defendants' behest, including that the money earned by the minors was provided to defendants. There is simply no basis for Defendant's objections, let alone the wholesale exclusion of this highly relevant information regarding the defendant's criminal conduct in this case. The Court should deny these objections.

## GOVERNMENT'S POSITION REGARDING SENTENCE

Probation has recommended that Defendant should be sentenced to 48 months' incarceration, plus 7 years of supervised release. The government agrees with the Probation Office that Defendant's crimes are extremely serious and warrant a significant period of incarceration; however, the government believes a low-end guideline sentence of 57 months' imprisonment to be the appropriate punishment for Defendant's egregious crimes, which include all of the relevant conduct of the offense. Pursuant to Title 18, United States Code Section 3553(a), the Court must impose a sentence sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence to criminal conduct, protect the public from further crimes by the defendant, and provide the defendant with correctional treatment. These factors warrant a significant period of incarceration.

The United States respectfully requests this Court accept the plea agreement submitted under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The parties have agreed to a guideline range for the "charge bargain" violation which allows for a sentence well below the 10 or 15-year mandatory minimums which would be applicable had the government prevailed at trial on the original charges. Defendant is free to seek any sentence based on the 3553(a) factors.[1] The government, however, contends that it has already accounted for those factors in the negotiated plea to the statute charged in the Information, which generously reduced Defendant's exposure from a mandatory minimum of 15 years on multiple counts to a statutory maximum of 5 years on a single count of conviction. The government's recommended sentence of 57 months, in this context, is nothing short of a windfall to Defendant, but still represents a significant sentence to this Defendant of almost 5 years'

---

[1] The government reserves the right and requests leave of the Court to file a supplemental sentencing memorandum to address any arguments presented by Defendant after the filing of the present document.

UNITED STATES' SENTENCING MEMORANDUM
CR14-00051- RMW                     6

imprisonment, at least 5 years of supervised release (with conditions to be fixed by the Court), a fine to be determined by the Court, and a $100 special assessment. Such a sentence is at the low-end of the advisory range of 57-60 months as identified by the Probation Office, and reflects, in the opinion of the government, a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

The government has agreed to this reduced sentence primarily to avoid the further trauma to the victims which a trial would have inflicted on the victims, one of whom is still a minor over two years after the offense conduct concluded. Whether Defendant chooses to acknowledge it or not, the fact remains that one of the victims was 15-years-old and the other was 17-years old when they first encountered Mr. Crutchfield and each of them had sexual intercourse with Defendant prior to extracting themselves from the situation in June 2013. Over the course of approximately four days in June 2014, the minor victims, at both defendants direction, were made to engage in commercial sexual activities in order to secure money to fund the group's little party in a San Jose Motel 6. Defendant has admitted through his guilty plea that he used a facility or means of interstate commerce to knowingly initiate the transmission of information about L.G., a minor who he knew was under the age of 16, when he posted a telephone number for L.G. on the Internet site Redbook along with photographs of L.G., with the intent to solicit others to pay to engage in sexual activity with her. Thus, Defendant has conceded, as he must, that L.G., the younger of the two victims, was under the age of 16 at the time of his illicit activities with her and, particularly, when he advertised her on the internet for prostitution. The government has ample evidence that Defendant and his co-defendant directed the minors in prostitution, advertised them on the Internet, took pictures of them engaged in simulated sexual activity with each other, and was in possession of those photos at the time of his arrest. As a result of these activities, the victims, who were no doubt suffering problems prior to their encounter with Defendant, have suffered on-going negative effects, and are finding it exceptionally difficult to put their lives back together. As described below, the absolute least that Defendant can do to acknowledge the role that he played in exploiting these two humans for his own personal gain, the parties have agreed that defendant should pay restitution of at least $ 1000.00 to each of the two identified victims.

Consequently, the government recommends that this Court sentence Mr. Crutchfield to 57

UNITED STATES' SENTENCING MEMORANDUM
CR14-00051- RMW                                      7

months' imprisonment followed by the recommended 7 years of supervised release, and restitution to his victims so that they might attempt to put this whole tragic saga behind them.

## GOVERNMENT'S POSITION REGARDING RESTITUTION

The Victims of Trafficking and Violence Protection Act incorporates the Trafficking Victims Protection Act of 2000 ("TVPA"). *See* 22 U.S.C. § 7101 et seq. (2008). The restitution provision of the TVPA, 15 U.S.C. § 1593 provides for mandatory restitution to victims,[2] "in addition to any other civil or criminal penalties authorized by law," and notwithstanding the provisions of MVRA. *See* 18 U.S.C. § 1593(a) (2008). Under the TVPA, victims of forced prostitution can obtain monetary restitution, even if the victims' earnings were derived from illegal conduct. *See United States v. Mammedov*, 304 Fed. Appx. 922, 926 (2d Cir. Dec. 30, 2008) ("Even if they engaged in illegal conduct, the women involved here were still . . . victims."). Also, orders of restitution under the TVPA are to be issued and enforced in accordance to the provisions of the MVRA. The TVPA focuses on how to calculate the victim's economic losses. As a result, when it comes to lost income, "the term 'full amount of the victim's losses' . . . shall . . . include the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act." 18 U.S.C. § 1593(b)(3). Thus, where the value of the victim's labor to the defendant cannot be easily determined (such as in the case of forced prostitution), restitution can be awarded by calculating the defendant's ill-gotten gains. *See United States v. Kuo*, 620 F.3d 1158, 1164 (9th Cir. 2010).

As the Court knows, the issuance of a restitution order under the MVRA or TVPA is mandatory. *See* § 2259(b)(4)(A). Unlike with a fine, a court may not decline to issue an order under this section because of the economic circumstances of the defendant. *See* § 2259(b)(4)(B)(i). But a restitution order "may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a

---

[2] *See U.S. v. Palmer*, 643 F.3d 1060, 1066 (8th Cir. 2011) (concluding that the defendants convicted of commercial sex trafficking of a child were required to pay mandatory restitution under MVRA).

UNITED STATES' SENTENCING MEMORANDUM
CR14-00051- RMW                                                8

restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments." § 3664(f)(3)(B); *see United States v. Lewis*, 791 F. Supp. 2d 81, 95 (D.D.C. 2011) (finding it appropriate to require only nominal periodic payments in satisfaction of the restitution order because of the defendant's limited financial ability); *see also United States v. Olivieri*, No. 09-743 (WHW), 2012 WL 1118763 (D.N.J. Apr. 3, 2012) (permitting the defendant to participate in an inmate financial responsibility program through which he could make payments in equal monthly installments of $50). In the present case, the parties have agreed to set the amount of restitution at not less than $ 1000.00 per victim. As of the filing of this memorandum, the government has not received any request or support for additional restitution beyond that to which the parties have already agreed. Therefore, the government requests that the Court order Defendant to pay restitution to each L.G. and E.O. in the amount of $ 1000.00 for a total of $ 2000.00, as recommended by the PSR. [*See* PSR, at Sentencing Recommendation, page 5.]

## **CONCLUSION**

For all of these reasons, the government respectfully recommends that this Court sentence the defendant to the low-end of the advisory guideline range, or 57 months in custody, 7 years of supervised release, and to pay restitution in the amount of $ 1000.00 per victim, for a total of $ 2000.00. Such a sentence would be sufficient but not greater than necessary to address the defendant's criminal activities.

Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

Dated: January 12, 2016

/s/
AMIE D. ROONEY
Assistant United States Attorney

.